IN RE ESTATE OF MICHAEL FLANAGAN.
LEONARD G. FLANAGAN v. DANIEL MEANS.
EDWARD LANGAN AND ANOTHER v. HARRIET JESKE.[1]

January 10, 1936.

Nos. 30,632, 30,633.

[1]Reported in 264 N. W. 433.

*Catherwood, Hughes & Alderson,* for appellant Leonard G. Flanagan.

*Falvey & Healy,* for appellant Edward Langan.

*Pattridge & Hamlin,* for respondents Daniel Means and Harriet Jeske.

PER CURIAM.

These two proceedings came to the district court on appeal from orders of the probate court setting aside and vacating a previous order of the probate court setting aside a homestead. The two cases were consolidated for trial in the district court, which affirmed by judgments the orders of the probate court vacating its previous order.

Michael Flanagan died January 10, 1932, intestate, leaving surviving him two sons, Leonard and Harold. He was the owner of an 80-acre tract of land in Fillmore county, which is the subject matter of this litigation and is claimed by his sons to have been his homestead. If it was not his homestead and is a part of the assets of the estate, the entire estate inventories approximately $11,000, and there are approximately $11,700 of claims allowed against the estate. Daniel Means' claim was allowed at $6,411 and Harriet Jeske's claim at $583.08. September 24, 1932, on the petition of Harold, the probate court made an order setting apart the 80 acres here involved as the homestead of the decedent. September 18, 1933, Daniel Means petitioned the probate court for an order revoking the order of September 24, 1932, and on January 17, 1934, Harriet Jeske filed a petition seeking similar relief. The probate court set aside its previous order in response to these petitions.

When the case came before the district court the respondents offered in evidence all of the files of the probate court in the Michael Flanagan estate, and the appellants announced that there was no objection thereto. After some discussion by counsel and a stipulation of certain facts, the court considered that the sole

issue was whether or not the land referred to in the appeal papers constituted the homestead of the decedent at the time of his death. Both sides then refused to put in further evidence, each claiming that the burden of proof lay with the other; and the court, after consideration, ordered judgment in each case affirming the probate court's orders which set aside and vacated its previous order setting apart the homestead. There was then before the court without objection and for all purposes all of the documents in the probate file, among which were the verified petitions of Means and Jeske. In the Jeske petition there are abundant statements of fact which if true were sufficient to justify the court in setting aside its previous order on the ground that the same was obtained by fraud and misrepresentation. The appellants claim that the verified petition of Means is not sufficient to show fraud. This question may or may not be material since the probate proceedings are *in rem,* and on the Jeske petition the first order of the probate court has been set aside. We think that there are sufficient allegations in the Means petition which, if true, justified the probate court in vacating its previous order on the ground of fraud perpetrated upon the court. It sets forth that as a matter of fact the decedent resided in the village of Wykoff and, at the time of his death and for some time prior thereto, occupied as his regular place of abode a rented house therein as his homestead, and that he had never occupied the 80 acres in question as a residence. It must be borne in mind that the cases were consolidated for trial and that without objection the verified petition in the Jeske case, which has the force of an affidavit, was introduced in evidence. Even if the original petition was faulty, the question of fraud and misrepresentation was litigated by consent in the Means case. The probate court was not without jurisdiction to entertain the petition in the Means case. Only the propriety of an order vacating its previous order on the showing made by Means was before it. Therefore, upon the resubmission to the district court *de novo,* the question presented was the propriety of the order and not the jurisdiction of the probate court. So regarded, the record abundantly sustains the judgments of the district court, which are hereby affirmed.